In the Matter of the Application of SAMUEL BRILL, Appellant, for an Order Directing TOP NOTCH GAS STATION, INC., Respondent, Owner of Premises 6130 New Utrecht Avenue, Brooklyn, New York, in the County of Kings, to Pay the Surplus Income, if Any, to the Petitioner, to Be Applied Toward the Payment of the Past Due Principal of Petitioner's Mortgage Covering Said Premises Pursuant to the Provisions of Section 1077-c of the Civil Practice Act.— Proceeding instituted pursuant to section 1077-c of the Civil Practice Act, by petitioner, for an order directing the respondent, owner of certain mortgaged premises, to pay the surplus income, if any, produced by the mortgaged premises, to the petitioner, to be applied toward the payment of past due principal of petitioner's mortgage covering said premises. An order was duly entered granting the application to the extent of directing the respondent to turn over to the petitioner the sum of fifty dollars found to be the surplus income for the relevant six-month period, which order contained a further appropriate decretal provision. From so much thereof as grants the application of the petitioner for the payment of such surplus income for such period only to the extent of fifty dollars, petitioner appeals. Order, in so far as appealed from, modified on the law and the facts, by striking from the first decretal paragraph thereof " $50 " and inserting in lieu thereof " $346.30," and as thus modified affirmed, with twenty-five dollars costs and disbursements to appellant. Respondent's time to make payment is extended until ten days from the entry of the order hereon. The proofs before the learned Special Term, as matter of law, required findings (1) that the gross income actually received during the relevant period was $875, and (2) that lawful expenditures therefrom were made in the aggregate sum of $528.70, leaving a net cash surplus for the period of $346.30, which was applicable to a payment on account of the principal of the petitioner's mortgage. Such expenditures were: For taxes, $236; for interest on mortgage, $204; for rent to New York Rapid Transit Company and another, $87.50, and for water charges, $1.20 — total, $528.70. The learned Special Term erred in finding (1) that the gross rental received for the period was $750 only, for $875 was actually received; and (2) in allowing as lawful expenditures chargeable against such gross rents so collected, the following items of claimed expenditures which aggregate $183.80, to wit: One-half corporation tax, $12.50; accountant's fee, $17.50; Collector of Internal Revenue, $2.50; water tax, $10; management expense, $37.50; incidental expense, $3.80; attorneys' fees, $100. Each of these items so allowed by the learned trial justice at Special

Term was not in the category of a lawful expenditure chargeable against the gross rental income in the ascertainment of the amount of the surplus. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.